O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CABALLERO,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security<br>Administration,<br><br>　　　　Defendant. | Case No. ED CV 12-1366-SP<br><br><br>MEMORANDUM OPINION AND<br>ORDER |

## I.

## INTRODUCTION

On August 17, 2012, plaintiff Maria Caballero filed a complaint against defendant, the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of disability insurance benefits ("DIB") and supplemental security income ("SSI"). Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court deems the matter suitable for adjudication without oral argument.

Plaintiff presents one issue for decision: whether the Administrative Law Judge ("ALJ") properly discounted plaintiff's subjective complaints. Memorandum in Support of Plaintiff's Complaint ("Pl.'s Mem.") at 6-21; Memorandum in Support of Defendant's Answer ("Def.'s Mem.") at 6-19.

Having carefully studied, inter alia, the parties' moving papers, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the ALJ did not give clear and convincing reasons for discounting plaintiff's credibility. Consequently, the court remands this matter to the Commissioner in accordance with the principles and instructions enunciated in this Memorandum Opinion and Order.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who was forty-seven years old on the date of her March 29, 2011 administrative hearing, has a twelfth grade education. AR at 16, 25, 120, 130. Plaintiff has past relevant work experience as a child care attendant, which is considered an unskilled job. *Id.* at 16, 125, 166.

On April 28, 2009, plaintiff filed an application for DIB and SSI, alleging that she had been disabled since October 1, 2008 due to a heart attack and injured right ankle. *Id.* at 9, 124. The Commissioner denied plaintiff's application initially and upon reconsideration, after which she filed a request for a hearing. *Id.* at 9, 46-56.

On March 29, 2011, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. *Id*. at 21-41. On April 13, 2011, the ALJ denied plaintiff's claim for benefits. *Id.* at 6-17.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff had not engaged in substantial gainful activity since October 1, 2008, the alleged onset date. *Id*. at 11.

At step two, the ALJ found that plaintiff suffered from the following severe impairments: myocardial infarcation; cardiomegaly; fracture and dislocation of the right ankle; status post reduction and internal fixation; and an anxiety disorder. *Id.*

At step three, the ALJ found that plaintiff's impairments, whether individually or in combination, did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1 (the "Listings"). *Id.* at 12.

The ALJ then assessed plaintiff's residual functional capacity ("RFC"),[1] and determined that she had the RFC to perform the full range of sedentary work. *Id.* at 13. Specifically, the ALJ found that plaintiff can "lift and/or carry up to ten pounds"; "sit for six hours out of an eight-hour period and can stand and/or walk for two hours of our of an eight-hour period"; and perform "simple, repetitive tasks." *Id.* at 13.

The ALJ found, at step four, that plaintiff could not perform her past relevant work. *Id.* at 16.

At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that plaintiff could perform with her RFC. *Id.* at 17. The ALJ determined that based on plaintiff's RFC for "the full range of sedentary work, the ability to perform simple, repetitive tasks," and plaintiff's "age, education, and work experience," a "not disabled" finding was directed by Medical Vocational Rule 201.27 and Rule 201.18. *Id.*

---

[1] Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 nn.5-7 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

Consequently, the ALJ concluded that plaintiff did not suffer from a disability as defined by the Social Security Act ("SSA"). *Id.*

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. *Id.* at 1-4. The ALJ's decision stands as the final decision of the Commissioner.

## III.

## STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing

4

the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## DISCUSSION

Plaintiff complains that the ALJ failed to provide clear and convincing reasons to reject her testimony regarding her pain and physical limitations. Pl.'s Mem. at 6-21. The court agrees.

The ALJ must make specific credibility findings, supported by the record. Social Security Ruling ("SSR") 96-7p.[2] To determine whether testimony concerning symptoms is credible, the ALJ engages in a two-step analysis. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, the ALJ must determine whether a claimant produced objective medical evidence of an underlying impairment, "'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). Second, if there is no evidence of malingering, an "ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). The ALJ may consider several factors in weighing a claimant's credibility, including: (1) ordinary techniques of credibility evaluation such as a claimant's reputation for lying; (2) the failure to seek

---

[2] "The Commissioner issues Social Security Rulings to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the SSA. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.1 (9th Cir. 2001) (internal citations omitted).

treatment or follow a prescribed course of treatment; and (3) a claimant's daily activities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *Bunnell*, 947 F.2d at 346-47.

Here, at the first step, the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged. AR at 14. At the second step, because the ALJ did not find any evidence of malingering, the ALJ was required to provide clear and convincing reasons for discounting plaintiff's credibility. The ALJ provided two reasons for discounting plaintiff's credibility: (1) plaintiff's daily activities were inconsistent with the alleged degree of limitations; and (2) plaintiff lacked objective medical evidence to substantiate her claims, and the available objective medical evidence contradicted her claims. *Id*. at 14-16.

First, the ALJ noted that "[i]n activities of daily living, [plaintiff] has no restriction," and that plaintiff's daily activities are "not significantly limited." *Id.* at 12, 14. The ALJ may properly consider inconsistencies between plaintiff's pain allegations and her daily activities. *See Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). But the ALJ's finding here with regard to plaintiff's daily activities – whether it be that there was "no restriction," or that she was "not significantly limited" – misstates the record and is not supported by substantial evidence. *See Lingenfelter*, 504 F.3d at 1036 (reasons for discrediting plaintiff that mischaracterize the record "provide[] no support for the [ALJ's] credibility finding[]").

In reporting the extent of her daily activities during her hearing, plaintiff testified that although she could cook, do laundry, and clean the house, she could not finish any of these in one stretch because of the fatigue and dizziness that she experienced, the pain she felt in her foot, and the need to lie down for two to three hours to recover. AR at 27-28, 35, 151, 153. She indicated that although she did

drive and went grocery shopping, she only drove a short distance (eight miles) and relied on the help of her daughter and others for the grocery cart and bags. *Id.* at 34, 151, 152.

In describing plaintiff's daily activities, the ALJ correctly noted that plaintiff was "able to go grocery shopping," "perform some household chores, such as make her bed, sweep and clean dishes," "carry a gallon of milk," and drive. *Id.* at 14. The ALJ also recognized that plaintiff "reported tiring easily while cooking." *Id.* Yet the ALJ failed to: adequately address the extent of plaintiff's complaints of pain, fatigue, and dizziness that accompanied the descriptions of these activities; explain how the ability to engage in these activities with pain, fatigue, and dizziness has any bearing on plaintiff's credibility; and show that these activities indicate plaintiff's ability to "'spend a *substantial* part of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting.'" *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) (quoting *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999)); *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (ALJ erred in discrediting plaintiff's pain testimony based on daily activities that were "quite limited and carried out with difficulty").

Perhaps most critically, the ALJ failed to state what aspect of plaintiff's testimony he found incredible and why. *See Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (ALJ must "specifically identify[] 'what testimony is not credible and what evidence undermines the claimant's complaints'") (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). Although in some cases this may fairly be inferred from the ALJ's decision, it cannot here. It appears that the most significant limitation claimed by plaintiff that the ALJ either ignored or rejected was her claim to need two- to three-hour rests after moderate physical exertion. This limitation is nowhere accounted for in the RFC found by the ALJ. *See* AR at

13. Yet there is nothing in the daily activities cited by the ALJ that is inconsistent with this claimed limitation, or that provides any clue as to why the ALJ may have rejected it. In short, this court is left in the dark as to why the ALJ recounted plaintiff's daily activities as a reason for discounting plaintiff's credibility.

Taken as a whole, plaintiff's reported daily activities are not inconsistent with plaintiff's claim of disabling impairments. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (the mere fact that plaintiff has carried on certain daily activities is not a clear and convincing reason for discrediting his testimony); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."); *Vertigan*, 260 F.3d at 1049-50 (plaintiff's ability to go grocery shopping with assistance, walk approximately an hour in the mall, get together with friends, play cards, swim, watch television, read, take physical therapy, and exercise at home did not constitute a clear and convincing reason for rejecting her pain testimony). Defendant is correct that a claimant's daily activities may provide a legitimate ground for discounting the claimant's credibility, even where those activities are not transferable to the workplace, provided that those activities are inconsistent with the claimant's subjective complaints. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) ("ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct."); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009). But if the ALJ found such inconsistency here, he did not articulate it either explicitly or implicitly. *See* AR at 14. Accordingly, the ALJ erred to the extent he rejected plaintiff's testimony based on her daily activities.

The second reason the ALJ provided for discounting plaintiff's credibility was a lack of objective medical evidence concerning plaintiff's back pain, heart,

and right ankle impairments, and anxiety disorder. AR at 14-16. But lack of objective medical evidence for the severity of a claimant's symptoms by itself cannot establish a clear and convincing reason for discounting a claimant's credibility, though it can be one of the factors. *See Bunnell*, 947 F.2d at 345 ("[O]nce the claimant produces objective medical evidence of an underlying impairment, [the ALJ] may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." (citation omitted)); SSR 96-7P, 1996 WL 374186, at *1 ("An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence."). Having already found that the ALJ erred by discounting plaintiff's credibility based on her activities of daily living, the court does not proceed with an evaluation of the objective medical evidence determination by the ALJ. Even if the court were to agree with the ALJ on this determination, lack of objective medical evidence cannot alone constitute a clear and convincing reason for discounting plaintiff's complaints of pain. *See Bunnell*, 947 F.2d at 345; *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

In sum, the ALJ did not provide clear and convincing reasons supported by substantial evidence for discounting plaintiff's credibility.

## V.

## **REMAND IS APPROPRIATE**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke*,

9

379 F.3d at 595-96; *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (decision whether to remand for further proceedings turns upon their likely utility). But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96; *Harman*, 211 F.3d at 1179-80.

Here, as set out above, remand is required because the ALJ erred in discounting plaintiff's credibility. On remand, the ALJ shall reconsider plaintiff's subjective complaints, and either credit plaintiff's testimony or provide clear and convincing reasons supported by substantial evidence for rejecting it. The ALJ shall then assess plaintiff's RFC and proceed through steps four and five to determine what work, if any, plaintiff is capable of performing.

## VI.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter to the Commissioner for further administrative action consistent with this decision.

DATED: May 14, 2013



_____
SHERI PYM
United States Magistrate Judge